**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2011[*]
Decided August 31, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-1632

| | |
|---|---|
| NATHAN GILLIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 09-cv-245-bbc |
| RICK RAEMISCH, et al., | |
| *Defendants-Appellees*. | Barbara B. Crabb, |
| | *Judge*. |

**O R D E R**

Nathan Gillis, a Wisconsin inmate, brought this action under 42 U.S.C. § 1983, claiming that prison officials punished him in retaliation for reporting guard brutality and acted with deliberate indifference to unconstitutional prison conditions. Gillis later asked the court to "arrange" an inspection of the prison so he could document certain conditions for his deliberate-indifference claim, and the court denied the request. In subsequent filings, Gillis complained that prison officials set overly severe restrictions on a visit he proposed

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

for an inspector he himself had hired, but a magistrate judge found nothing wrong with the prison's handling of the matter. Later, the district court granted summary judgment for the defendants, and Gillis appeals. We affirm.

Gillis's brief on appeal rehashes his claims of retaliation and deliberate indifference, as well as his contention that the district court erroneously "refused" his request for an inspection. But he barely raises any legal challenge to the court's decision. See FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Generously construing his brief, we discern one issue. He argues that the court improperly discredited his allegations by determining that he "failed to submit proposed findings of fact sufficient to put critical issues into dispute." Gillis, however, misapprehends the court's statement. The court was commenting not on Gillis's credibility, but merely his failure to produce evidence raising a genuine dispute over whether his rights were violated, as was his burden at summary judgment. See FED. R. CIV. P. 56(c)(1); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

AFFIRMED.